**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

RUBEN R. GONZALEZ,

    Plaintiff,

       v.     CIV. NO. 10-2078 (PG)

MAERSK LINE, LIMITED, ET. AL.,

    Defendants.

### ORDER

Pending before the Court is plaintiff Ruben R. Gonzalez's motion to compel discovery and production of documents (Docket No. 22), defendant Maersk Line, Limited's motion to stay adjudication of the motion to compel (Docket No. 26) and the plaintiffs' opposition thereto (Docket No. 28). For the reasons set forth below, the Court **DENIES** the plaintiff's motion to compel thus finding the defendant's motion to stay as **MOOT**.

### I. BACKGROUND

On November 3, 2010, Plaintiff Ruben R. Gonzalez (hereinafter "Plaintiff" or "Gonzalez") filed the above-captioned claim against Maersk Line, Limited (hereinafter "Maersk" or "Defendant") and its insurer, the Standard Steamship Owners' Protection and Indemnity Association (hereinafter "the Association"), for negligence under the Jones Act, 46 U.S.C. § 30104, and the Admiralty and General Maritime Law of the United States, 28 U.S.C. § 1333. Plaintiff alleges that on or about September 22, 2008, he suffered an accident aboard the Maersk's ship, the MAERSK TEXAS, while working as a member of the crew of said vessel. According to Gonzalez, he is disabled as a result of said accident. The Plaintiff now claims the ship was unseaworthy and that his accident was the result of the Defendant's carelessness, recklessness and negligence. In addition, the Plaintiff alleges that Maersk has willfully and arbitrarily failed to pay Plaintiff's maintenance and cure, and that Maersk is, therefore, liable for punitive damages under <u>Atlantic Sounding Co., Inc. v. Townsend</u>, 129 S.Ct. 2561 (2009). <u>See</u> Docket No. 1.

### II. DISCUSSION

After the initial scheduling conference was held on April 6, 2011, the Plaintiff filed a "Motion to Compel Discovery and Production of Documents

CIV. NO. 10-2078 (PG)                                                    Page 2

Pursuant to Federal Rule of Civil Procedure 37" requesting that this court order defendant Maersk to conduct discovery on the issue of punitive damages. The Plaintiff specifically seeks to discover (a) information concerning claims and lawsuits filed during the past three years by other fellow seaman employees as a result of Maersk's specific failure or delay to pay maintenance and cure benefits to the injured seaman employees; and (b) information concerning any corporate investigation(s) into their employees' practices in failing to pay maintenance and cure to their seaman employees in the past three years. Plaintiff contends that this information is relevant to his claim of punitive damages. See Docket No. 22. The Plaintiff complains that the Defendant has refused to produce said information stating that: (1) the request is overly broad and irrelevant; (2) the request addresses confidential medical information of other non-party third persons; (3) personal injury lawsuits are a matter of public record that the Plaintiff can access directly; and, (4) the requests include information that is protected by the attorney client privilege or has been generated in anticipation of litigation. In light of Maersk's refusal to turn over the requested information, Gonzalez now seeks this Court's intervention in its favor.

   The Defendant did not respond to the motion to compel, but filed a "Motion to Stay Adjudication of Motion to Compel" (Docket No. 26) requesting that this Court refrain from ruling on the pending motion to compel until after it rules on Defendant's recently-filed motion for partial summary judgment, whereby it seeks the dismissal of the punitive damages claim. See Docket No. 26. The Plaintiff opposed said request arguing that he is entitled to discovery prior to the filing of an opposition to summary judgment motion, and that the discovery the Defendant has refused to answer and now seeks to stay is the very discovery he needs to oppose the Defendant's motion for partial summary judgment. See Docket No. 28. The Defendant replied that the information the Plaintiff seeks to compel it to produce is irrelevant to the matter at hand because the Plaintiff has failed to allege bad faith or arbitrary conduct outside the confines of the conduct in his particular case or that the Defendant's behavior towards him is part of a long-range plan to deprive seamen of maintenance and cure. See Docket No. 31.

   In the complaint, the Plaintiff includes a cause of action for punitive damages and alleges as follows:

> 24. That defendant employer Maersk Line, Limited has willfully and arbitrarily failed to pay maintenance and to provide and pay cure; and has willfully and

CIV. NO. 10-2078 (PG)                                                    Page 3

> arbitrarily failed to reimburse Plaintiff seaman all of his out-of-pocket expenses related to his medical condition following his accident of September 22, 2008, and has willfully and arbitrarily failed to provide him his maintenance due and the continued medical treatment he requires. For such reason, Plaintiff specifically requests on award of punitive damages under the general maritime law pursuant to the June 25, 2009 U.S. Supreme Court decision Atlantic Sounding Co., Inc. et als. v. Edgar L. Townsend, 129 S. Ct. 2561, 174 L. Ed 2d 382 …

See Docket No. 1.

First of all, as asserted by the Defendant in its reply, the Plaintiff grounds his request for punitive damages on Maersk's refusal and failure to pay for his maintenance and cure expenses. As pointed out by the Defendant, Gonzalez does not allege a willful scheme on the part of Defendant to deprive all seamen of their right to maintenance and cure. Consequently, we agree with the Defendant that the Plaintiff's discovery request is not in line with the allegations in his complaint.

Moreover, the Supreme Court in Atlantic Sounding Co., Inc. v. Townsend, 129 S.Ct. 2561 (2009), held that an injured seaman may recover punitive damages for his employer's willful failure to pay maintenance and cure. See id. While discussing the history of punitive damages as a common law remedy, the Supreme Court pointed out that "[t]he jury's broad discretion to set damages included the authority to award punitive damages when the *circumstances of the case* warranted." Id. at 2566 (emphasis ours). To that effect, the Supreme Court concluded that punitive damages remain available to maritime claims, including claims for maintenance and cure, "under the *appropriate factual circumstances*." Id. at 2569 (emphasis ours). Therefore, in accordance with the Supreme Court's discussion and holding in Atlantic Sounding, we understand that an award of punitive damages in a maintenance and cure case filed by a seaman against his or her employer will depend on whether the employer's conduct under the particular facts of the case warrants such a punishment.

Here, the Plaintiff seeks to discover information pertaining to claims and lawsuits filed against Maersk by other fellow seaman employees as a result of Maersk's specific failure or delay to pay maintenance and cure benefits to the injured seaman employees; and information concerning any internal investigation(s) as to Maersk's corporate practices in failing to pay maintenance and cure to their seaman employees. According to Plaintiff, this information is relevant to his claim for punitive damages. However, the court

CIV. NO. 10-2078 (PG)                                                   Page 4

is of the opinion that this information sheds no light on the particular set of circumstances Plaintiff claims to be a victim of in this case and which would in effect give way to an award of punitive damages. Plaintiff can only obtain such an award if he proves that Maersk's conduct was "wanton, willful and outrageous," id. at 2566, in *this specific case*. As a result, we agree with the Defendant that this information is irrelevant to Gonzalez's claim of punitive damages, and thus, we **DENY** the Plaintiff's motion to compel (Docket No. 22). Having ruled on the issue, the Defendant's motion to stay (Docket No. 26) is **FOUND AS MOOT**.

## II. CONCLUSION

For the reasons stated above, this Court thus **DENIES** the Plaintiff's motion to compel (Docket No. 22) and thus, defendant Maersk's motion to stay (Docket No. 26) is **MOOT**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, September 2, 2011.

                                        S/ JUAN M. PEREZ-GIMENEZ
                                        JUAN M. PEREZ-GIMENEZ
                                        SENIOR U.S. DISTRICT JUDGE